# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

KEVIN MICHAEL THORTON,  
   Petitioner,

vs

WARDEN, MADISON CORRECTIONAL INSTITUTION,  
   Respondent.

Case No. 1:14-cv-561

Barrett, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, with the assistance of the Ohio Innocence Project, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion to hold the petition in abeyance pending exhaustion in state court, respondent's response in opposition, and petitioner's reply. (Doc. 14, 18, 19).

Petitioner's conviction and sentence stem from the September 11, 2007 robbery of a Cash Express store in Clermont County, Ohio. Petitioner raises two grounds for relief in the petition, both relating to newly-discovered evidence that he contends demonstrates his actual innocence. (*See* Doc. 1-2). Petitioner first claims that surveillance video of the robbery was photogrammetrically analyzed following his conviction and conclusively proves that petitioner could not have been the robber based on his height. Second, although the DNA of a male donor was found on zip ties used to bind the hands and feet of the victim during the robbery, petitioner's DNA was not. Based on this evidence, petitioner brings a claim of ineffective assistance of counsel, premised on trial counsel's failure to investigate/pursue the newly discovered evidence prior to trial, and a freestanding actual innocence claim.

Petitioner filed a motion in the Clermont County Court of Common Pleas on June 13, 2014, raising his actual innocence claim. (Doc. 18, Ex. A). Petitioner indicates that the trial

court subsequently denied the motion and that the decision is currently pending on appeal before the Ohio Court of Appeals. (Doc. 19, p. 2). Petitioner requests that the Court stay the case until he has had an opportunity to present his claim to the Ohio courts. Respondent opposes a stay of this matter, arguing that the instant petition is not a "mixed" petition containing exhausted and unexhausted claims and that petitioner's free-standing actual innocence claim is noncognizable in federal habeas proceedings.

After careful review of the parties' briefs, the Court is not convinced that the claims set forth in the petition have been fully considered by the state courts in light of the pending appeal. In addition, whether petitioner's free-standing actual innocence claim is cognizable in a federal habeas corpus proceeding is an issue best left to the disposition of the petition on the merits and not on this motion for stay. Given the serious nature of petitioner's allegations, for good cause shown, and out of an abundance of caution, the undersigned **RECOMMENDS** that this matter be stayed so that the Ohio courts have an opportunity to address the claims of error presented in petitioner's pending appeal. *Cf. Rhines v. Weber*, 544 U.S. 269 (2005) (district courts have discretion to hold mixed petitions in abeyance pending exhaustion of unexhausted claims). The undersigned also makes this recommendation in the interests of judicial economy, as the disposition of petitioner's claims in the state court may moot the habeas claims currently pending before this Court.

It is therefore **RECOMMENDED** that petitioner's motion (Doc. 14) be **GRANTED** and that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to pursue relief in the state courts. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that

2

the case be terminated on the Court's active docket.

## IT IS THEREFORE RECOMMENDED THAT:

Petitioner's motion be **GRANTED** (Doc. 14) and the petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's appeal in the Ohio courts. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after a final decision on petitioner's pending appeal or subsequent appeal to the Ohio Supreme Court. Petitioner should be granted leave to reinstate the case on a showing that he has complied with the conditions of the stay.

Date: 6/9/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN MICHAEL THORTON,
    Petitioner,

vs

WARDEN, MADISON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-561

Barrett, J.
Litkovitz, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4