**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Kevin Michael Thornton,

      Petitioner,                           Case No.  1:14cv561

      v.                                 Judge Michael R. Barrett

Warden, Madison Correctional Institution,

      Respondent.

## ORDER

This matter is before the Court upon the Magistrate Judge's December 19, 2016 Report & Recommendation that this Court grant Respondent's Motion to Transfer the petition to the United States Court of Appeals for the Sixth Circuit because this Court lacks jurisdiction in this matter involving a successive habeas petition within the meaning of 28 U.S.C. § 2244(b).  (Doc. 35).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).  Petitioner filed timely objections.  (Doc. 39).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P.

72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge has provided a comprehensive review of the procedural history of this case, and the same will not be repeated here except to the extent necessary to address Petitioner's objections.

The Magistrate Judge concluded that this matter involves a "second or successive" habeas petition within the meaning of 28 U.S.C. § 2244(b), and therefore this Court lacks jurisdiction in this matter. Whether a petition is "second or successive" within the meaning of § 2244(b), does not depend merely on whether the petitioner filed a prior application for habeas relief. *Storey v. Vasbinder*, 657 F.3d 372, 376 (6th Cir. 2011). As the Magistrate Judge explained, in *Panetti v. Quarterman*, 551 U.S. 930, 945,127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), the Supreme Court held that a claim of incompetency under *Ford v. Wainwright*, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution was scheduled.

In his objections, Petitioner argues that under *Panetti*, his claims of ineffective assistance of counsel and actual innocence were not ripe prior to the filing of his first petition. Petitioner argues that these claims are raised under *Hinton v. Alabama*, 134 S.Ct. 1081 (2014); and he could not have known without the assistance of competent counsel that experts in Y-STR DNA testing and photogrammetry could prove his innocence. Petitioner explains that at the time of his trial, neither of these forensic disciplines were widely known among laypeople. In addition, Petitioner explains that at

that time, the Ohio Bureau of Criminal Investigation and Identification did not perform Y-STR DNA testing.  However, as the Magistrate Judge explained, these facts existed and were discoverable at the time Petitioner filed his first federal habeas petition on July 22, 2010 in so far as the surveillance footage and zip ties were available for testing.  While the Ohio Bureau of Criminal Investigation and Identification did not perform Y-STR DNA testing, there were private laboratories performing the testing at the time of his trial.  In addition, there is nothing in the record showing that photogrammetry testing was not scientifically possible at that time.

Therefore, the Court finds no error in the Magistrate Judge's December 19, 2016 R&R.  (Doc. 35).  Accordingly, Respondent's Motion to Transfer this action to the United States Court of Appeals for the Sixth Circuit (Doc. 29) is **GRANTED**.

**IT IS SO ORDERED.**

_____*/s/ Michael R. Barrett*_____
JUDGE MICHAEL R. BARRETT