UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kevin Michael Thornton,

    Petitioner,

v.

Warden, Madison Correctional Institution,

    Respondent.

Case No. 1:14cv561

Judge Michael R. Barrett

## ORDER

This is a habeas corpus case under 28 U.S.C. § 2254. This matter is before the Court upon the Magistrate Judge's May 23, 2019 Report & Recommendation (Doc. 68) and the Magistrate Judge's July 5, 2019 Supplemental Report & Recommendation (Doc. 76). The Magistrate Judge recommends dismissing Petitioner's petition with prejudice; and denying a certificate of appealability on the issue on which he has sought a certificate. Petitioner filed timely objections (Docs. 74, 79). Respondent has not filed responses to those objections.

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge has provided a comprehensive review of the factual and procedural history of this case, and the same will not be repeated here except to the extent necessary to address Petitioner's objections.

Petitioner objects to the following conclusions reached by the Magistrate Judge: (1) Petitioner's claims are time-barred; (2) Petitioner has not established his actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995); (3) the state court ruled on Petitioner's ineffective-assistance-of-counsel claim, and the attendant conclusion that AEDPA bars an evidentiary hearing; (4) Petitioner's claim of ineffective assistance of trial counsel should be denied; (5) Petitioner's claim of actual innocence should be denied; (6) Petitioner should be denied a certificate of appealability; and (7) Petitioner is only seeking a certificate of appealability on only one of his two claims.

## I. ANALYSIS

### A. Statute of limitations

The Magistrate Judge concluded that Petitioner's petition was time-barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations.

Petitioner does not dispute that his conviction and direct appeals concluded on July 13, 2010, and his Petition was not filed in this Court until July 8, 2014. However, Petitioner maintains that the DNA and photogrammetric evidence which supports his claims were not known to him until March 27, 2012—the date the DNA Diagnostics Center issued the report concluding the DNA on the zip ties belonged to someone other

than Petitioner. Petitioner explains that under 28 U.S.C. § 2244(d)(1)(D), his claims did not accrue until he could have been aware of this evidence through the exercise of due diligence.

The statute provides, in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

. . .

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244.

Even if the Court were to accept March 27, 2012 as the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence, Petitioner's petition was filed over two years later on July 8, 2014.

Petitioner maintains that part of this period should be tolled for the time Petitioner spent exhausting his administrative remedies in state court. On May 23, 2012, Petitioner filed a motion for leave to file a delayed motion for new trial or a delayed petition for post-conviction relief in his state court proceedings. The Clermont County Court of Common Pleas denied relief. (Doc. 5-49, PAGEID# 1256). Petitioner appealed, and the Twelfth District affirmed. *State v. Thornton*, Case No. CA2012-09-63, 2013 WL 2636129 (June 10, 2013), *appellate jurisdiction declined*, 136 Ohio St. 3d 1559 (Nov. 6, 2013).

Under the AEDPA, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

3

is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, state post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" for AEDPA statutory tolling purposes. *See Allen v. Siebert*, 552 U.S. 3, 5-6 (2007) (per curiam); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003). Here, the Clermont County Court of Common Pleas denied Petitioner's motions for a new trial and leave to file delayed motion for post-conviction relief as untimely. (Doc. 5-49, PAGEID# 1251, 1255). The Court of Appeals for the Twelfth District affirmed. *State v. Thornton*, 2013 WL 2636129, *7, *10 (Ohio Ct. App. June 10, 2013). Therefore, at the latest, the statute of limitations commenced on March 27, 2012 and ran uninterrupted until it expired on March 27, 2013.

## B. Equitable tolling

The AEDPA's statute of limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). A habeas petitioner is entitled to equitable tolling only if two requirements are met: (1) the petitioner "has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted).

The Magistrate Judge concluded that Petitioner has not demonstrated that he exercised due diligence in the two years between his resentencing in 2009 and his contact with the Innocence Project in 2011. The Magistrate Judge also noted that even after the Innocence Project accepted Petitioner's case in 2011, it waited until July 8, 2014 to file the federal habeas petition.

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum diligence." *Holland*, 130 S.Ct. at 2565. As the Magistrate Judge explained, both the evidence tested—the ties and the surveillance video—and the methods of scientific testing were available at the time of trial. However, as the Sixth Circuit explained in granting Petitioner's motion to file a second or successive habeas petition:

> although it was theoretically possible for Thornton to have sought Y-STR DNA testing and photogrammetric analysis in conjunction with his first petition, it is hard to imagine how, even with the exercise of due diligence, he could have known to do so. As noted by the Ohio Court of Appeals, even trial counsel "was unaware of Y-STR DNA testing at the time of the trials." *Thornton*, 2013 WL 2636129, at *5.

(Doc. 43, PAGEID# 1941). While this may explain why Petitioner did not raise his claim in his first § 2254 petition, it does not provide justification for the two-year delay between the time the DNA testing results were issued on March 27, 2012 and the filing of Petitioner's second § 2254 petition on July 8, 2014.[1] The Sixth Circuit has found that

---

[1] As the Sixth Circuit has explained, the analysis for determining authorization to file a second or successive petition and compliance with the AEDPA's one-year statute of limitations are distinct:

> Section 2244(b)(3)(C) requires the relevant court of appeals to ensure that the petitioner's request for permission to file a second habeas corpus petition "satisfies the requirements of *this subsection*." (emphasis added). In contrast, 28 U.S.C. § 2244(b)(4) charges the district court, and not the court of appeals, to "dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of *this section*." (emphasis added). Thus, investigating compliance with the one-year statute of limitations outlined in 28 U.S.C. § 2244(d)-clearly a separate subsection from 28 U.S.C. § 2244(b)-is not within the purview of the court of appeals' consideration of applications requesting authorization to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244(b).
>
> Indeed, not only does the text of the statute require this conclusion, but logic counsels that a court of appeals considering a request for authorization to file a second or successive habeas corpus petition would not consider whether or not the habeas corpus petition complies with the one-year statute of limitations. When considering motions pursuant to 28 U.S.C. § 2244(b) for permission to file

5

such delays demonstrate a lack appropriate diligence. *See, e.g.*, *Keeling v. Warden*, 673 F.3d 452, 463 (6th Cir. 2012) (finding that over two year delay "exceeds that which has previously been found excessive and inappropriate for the application of equitable tolling"); *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence."). Moreover, Petitioner has not identified any extraordinary circumstances that stood in his way and prevented the timely filing of his federal habeas petition. Therefore, the Court finds no error in the Magistrate Judge's conclusion that Petitioner failed to demonstrate the diligence required to equitably toll the statute of limitations for filing his federal habeas petition.

---

a second or successive habeas corpus petition, the court does not have a developed record because the new petition has not yet been considered by a district court. As a result, courts of appeal cannot determine whether the one-year statute of limitations should be equitably tolled, *see, e.g.*, *Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005) (determining that, based upon the particular facts of the case, the petitioner had presented sufficient evidence of actual innocence to be granted equitable tolling); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (stating that equitable tolling is available when the petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), or on what date the defendant was able to discover the evidence in question through due diligence. *See, e.g.*, *Granger v. Hurt*, 90 Fed.Appx. 97, 99-101 (6th Cir. 2004) (finding that, because of the particular facts of the case, the one-year period should begin after the date the information in fact became available); *see also* 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, 1447-48 (5th ed. 2005) ("The statute limits the scope of review at this stage to the specific question whether the motion makes a prima facie showing that any of the claims in the petition satisfy AEDPA's substantive successive petition standards, thereby evidently rendering irrelevant other possible grounds for dismissal such as ultimate lack of merit, nonexhaustion, procedural default, and the like.").

*In re McDonald*, 514 F.3d 539, 543 (6th Cir. 2008).

C. **Equitable exception – actual innocence**

Actual innocence, if proven, can excuse a statute of limitations bar to review of a petitioner's claims, but requires the petitioner to demonstrate that "in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). This type of actual-innocence claim, sometimes called gateway innocence, "does not by itself provide a basis for relief." *Schlup*, 513 U.S. at 315.

"To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324. However, the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup*, 513 U.S. at 321).

The Magistrate Judge rejected Petitioner's argument that this equitable exception should be applied in his case. The Magistrate Judge found that that the evidence is not so strong as to prove that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. The Magistrate Judge explained that the DNA test does not prove that Petitioner was not the perpetrator because there were numerous ways that another male who was not the perpetrator could have deposited the DNA; and the surveillance footage showed that the perpetrator wore gloves during the crime which would have prevented the deposit of DNA. The Magistrate Judge explained that the photogrammetric evidence has not been subjected

7

to cross-examination or the laying of a scientific foundation under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[2] In addition, as the Magistrate Judge explained, at trial, Petitioner argued that he was taller than the person in the surveillance video, and the jury was able to make the height comparison. The Magistrate Judge also pointed to other evidence of guilt presented a trial:

> Thornton was a person known to the Milford, Ohio, police and was identified by them from the surveillance video. When they executed a search warrant at his residence, he commented to his mother in their presence that they thought he had robbed the Cash Express before any mention of that robbery had occurred. Having claimed that he had been at home with his mother when the crime occurred, he changed his story after it was shown that she was not at home at the time and he produced no other alibi witness. 2013-Ohio-2394, at ¶¶ 2-3. He voluntarily confessed the crime to another person. The victim identified Thornton in a photographic lineup about which no claim of suggestiveness has been made. She also identified clothing recovered from Thornton's residence as the clothing worn by the perpetrator. Id. at ¶ 44.

(Doc. 68, PAGIED# 2315-16) (footnote omitted).

The Court finds no error in the Magistrate Judge's conclusion that based on this evidence Petitioner has failed to make a "gateway claim" of actual innocence. The following discussion by the Sixth Circuit illustrates the type of new evidence which establishes sufficient doubt about a petitioner's guilt:

> For example, in the one Supreme Court case in which the petitioner satisfied the gateway-innocence standard, the Court held that "the central forensic proof connecting [the petitioner] to the crime—the blood and the semen—ha[d] been called into question and [he] ha[d] put forward substantial evidence pointing to a different suspect." *Id.* at 554, 126 S.Ct. 2064. Although it was "not a case of conclusive exoneration," and some evidence still "support[ed] an inference of guilt," the Court held that it was

---

[2]The Court notes that in analyzing a gateway-innocence claim, it "must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). Therefore, admissibility under *Daubert* is not a basis for excluding this evidence from consideration, but new evidence of actual innocence must nevertheless be "reliable." *Schlup*, 513 U.S. at 324.

> "more likely than not that no reasonable juror viewing the record as a whole would lack reasonable doubt." *Id.* Similarly, in *Souter*, this court held that the petitioner established gateway innocence where he presented compelling scientific evidence that the "only evidence which directly tie[d]" him to the victim's death, could not have caused the victim's injuries. *Souter*, 395 F.3d at 590.
>
> In contrast, we have refused to open the innocence gateway when the petitioner's proffered evidence was less reliable. For example, in *Whalen v. Randle*, we held that the petitioner was "unable to demonstrate that he was actually innocent" even though his evidence included testimony by his alleged codefendant that the petitioner was not an accomplice in the robberies because of "the doubtful credibility of petitioner's accomplice." 37 F. App'x 113, 116, 121 (6th Cir. 2002). Similarly, in *Knickerbocker v. Wolfenbarger*, where the petitioner presented an inmate's affidavit stating that the petitioner's codefendant had told the affiant that the petitioner did not strangle the murder victim, we held that this was insufficient to demonstrate the petitioner's actual innocence, in part, because the statements were hearsay, and "thus presumptively less reliable than direct testimony." 212 F. App'x 426, 433 (6th Cir. 2007).

*Davis v. Bradshaw*, 900 F.3d 315, 326–27 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1619,

203 L. Ed. 2d 903 (2019). In another case, the Sixth Circuit explained:

> To the extent that Willis argues that actual innocence warrants equitable tolling, his arguments fail because the evidence he presents is merely consistent with innocence, and is not evidence that would demonstrate that no reasonable juror could have voted to convict. *See Souter v. Jones*, 395 F.3d 577, 590 (6th Cir.2005) (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). For instance, a picture of Willis with short hair ten days before the crime does not prove that Willis did not wear a wig and/or false facial hair during the commission of the crime. Jurors may convict based solely on eyewitness identifications even when some evidence suggests a lack of reliability. Likewise, a doctor's opinion that Willis would have been limping at the time of the crime does not prove that observers would have seen him limp, nor would jurors necessarily credit the doctor's opinion. And evidence that Willis had some money at the time of the robbery hardly proves that jurors would not believe he would not have stolen a smaller amount, putting aside the difficulty of how a robber is supposed to know in advance how much money he will successfully steal. Equitable tolling based on "actual innocence" requires more compelling evidence than that which Willis presents.

*Willis v. Jones*, 329 F. App'x 7, 18 (6th Cir. 2009). Similarly, the evidence which

9

Petitioner has presented here is merely consistent with innocence, but does not demonstrate that it is more likely than not that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Therefore, the Court finds no error in the Magistrate Judge's conclusion that Petitioner has not satisfied the *Schlup* gateway requirements; and therefore, the Petition is dismissed as time-barred.

### D. Evidentiary Hearing

AEDPA restricts the availability of federal evidentiary hearings in habeas corpus proceedings. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and a district court is limited to the record that was before the state court at the time. *Id.* (citing *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011)).

The Magistrate Judge concluded that because the state courts decided Petitioner's claims on the merits, this Court is limited to the record before the state court, and an evidentiary hearing is barred in this case. *Accord Lynch v. Hudson*, 182 F. Supp. 3d 787, 792 (S.D. Ohio 2016) (explaining that *Cullen v. Pinholster*, 563 U.S. 170 (2011) precluded consideration of new evidence, despite the petitioner's attempt to present them to the Ohio courts in a successive post-conviction petition).

In his objections, Petitioner argues that his Sixth Amendment ineffective assistance of trial counsel claim has never been adjudicated on its merits by any state court; and therefore, *Pinholster* does not apply. However, as the Magistrate Judge explained, even if this Court were to assume that the state courts did not rule on the

merits of Petitioner's ineffective assistance of trial counsel claim, that failure to rule would not entitle him to an evidentiary hearing because he has procedurally defaulted that claim by not timely presenting it to the Ohio courts.

To a certain extent, the Ohio Court of Appeals did address the lack of merit of Petitioner's claim in order to determine whether he had met the exception for the untimely filing of his post-conviction petition under Ohio Revised Code § 2953.23(A)(2). However, "Ohio courts have clearly indicated that § 2953.23 denies courts subject matter jurisdiction over claims that cannot meet the statute's stringent requirements. The Ohio courts have interpreted their own law to conclude that where a court lacks jurisdiction, any judgment on the merits is rendered void ab initio." *Gumm v. Mitchell*, 775 F.3d 345, 362 (6th Cir. 2014).

Nevertheless, "a federal court usually may not review a state prisoner's habeas claim if (1) the prisoner broke a state procedural rule, (2) the state court enforced the rule, and (3) the procedural forfeiture was an adequate and independent ground for denying relief." *Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019). The Sixth Circuit has "consistently found procedural default when Ohio courts have held that Ohio Revised Code § 2953.23 bars them from entertaining a second post-conviction petition." *Bies v. Sheldon*, 775 F.3d 386, 396, n.7 (6th Cir. 2014) (citing *Broom v. Mitchell*, 441 F.3d 392, 399–401 (6th Cir. 2006)); *see also Hill v. Mitchell*, No. 1:98-CV-452, 2006 WL 2807017, at *47 (S.D. Ohio Sept. 27, 2006) ("Ohio's postconviction rules, and specifically the rules imposing a limitations period and those imposing stringent conditions on the filing of untimely and/or successive petitions, are adequate and independent."); *Nickleson v. Welch*, No. 3:09-CV-906, 2010 WL 5582881, at *4 (N.D.

11

Ohio Oct. 14, 2010) (explaining that Ohio's timeliness requirement for post-conviction petitions is an adequate and independent state law ground).

Therefore, the Court finds no error in the Magistrate Judge's conclusion that has procedurally defaulted his ineffective assistance of trial counsel claim; and Petitioner is not entitled to an evidentiary hearing.

### E. Claim on merits – ineffective assistance of counsel

Petitioner claims that he received ineffective assistance of counsel when his trial attorney failed to obtain and present Y-STR DNA testing of the zip ties and photogrammetric analysis of the surveillance video. As explained above, the Magistrate Judge found that this claim was barred by the statute of limitations, or procedurally defaulted. In the alternative, the Magistrate Judge found that Petitioner's claim of ineffective assistance of counsel was without merit.

As the Supreme Court has explained: "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision 'was contrary to' federal law then clearly established in the holdings of this Court, § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); or that it 'involved an unreasonable application of' such law, § 2254(d)(1); or that it 'was based on an unreasonable determination of the facts' in light of the record before the state court, § 2254(d)(2)." *Harrington v. Richter*, 562 U.S. 86, 100, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011).

Here, the Magistrate Judge explained that as an alternative to its holding that the trial court had properly denied Petitioner's delayed motion for a new trial and delayed motion for post-conviction relief, the Ohio's Twelfth District Court of Appeals concluded

12

that Petitioner had failed to demonstrate ineffective assistance of trial counsel in failing to obtain and introduce this evidence because the evidence failed to show that no reasonable factfinder would have found him guilty. The Magistrate Judge found that this conclusion was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

To establish an ineffective assistance of counsel claim, a petitioner must establish: (1) counsel's performance fell below an "objective standard of reasonableness" under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88. When reviewing a state court's denial of an ineffective assistance of counsel claim under this standard, federal habeas courts undertake a "doubly deferential" standard of review. *Woods v. Donald*, 575 U.S. 312, 316, 135 S.Ct. 1372, 191 L.Ed.2d 464 (2015).

The Magistrate Judge noted that forensic photogrammetric evidence was largely unknown by the bar at the time of Petitioner's trial, so that it was not deficient performance for his attorney to fail to seek funds to employ it. *Accord Harrington v. Richter*, 131 S.Ct. 770, 789 (2011) ("Counsel was entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies."). The Magistrate Judge explained that while DNA testing was more widely known, Petitioner has not established prejudice under the second prong of the *Strickland* test. The Court finds no error in this conclusion. The Court of Appeals for the Twelfth District explained:

> Thornton failed to demonstrate that, had the DNA and photogrammetric evidence been introduced at trial, the result of the trial would have been different. Though this information could certainly have been beneficial to Thornton's case, the DNA evidence does not conclusively eliminate

13

> Thornton as the perpetrator and the discrepancy between Thornton's height and the height of the man shown in the surveillance footage was argued by trial counsel.

*State v. Thornton*, 2013 WL 2636129, *8. This Court finds that it was not unreasonable for the Ohio Court of Appeals to conclude that based on the other evidence against Petitioner, Petitioner likely would have been convicted even in the face of a negative DNA test. Therefore, the Court concludes that there was no error in the Magistrate Judge's alternative finding that Petitioner's claim of ineffective assistance of counsel was without merit.

### F. **Actual innocence**

The Magistrate Judge found that Petitioner's stand-alone claim of actual innocence is not cognizable in habeas corpus.

While the Supreme Court has recognized an actual innocence exception that allows federal courts to reach the merits of defaulted, successive, or abusive habeas claims in cases of capital sentencing, *see Sawyer v. Whitley*, 505 U.S. 333, 335-36, 341 (1992), a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Accordingly, the Sixth Circuit has "repeatedly indicated such claims are not cognizable on habeas." *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007); *see also Bowman v. Haas*, No. 15-1485, 2016 WL 612019, *5 (6th Cir. Feb. 10, 2016) (holding that a freestanding claim of actual innocence is not cognizable in a non-capital federal habeas proceeding). Therefore, the Court concludes that there was no error in the Magistrate Judge's alternative finding that Petitioner's claim of actual innocence was

14

without merit.

### G. Certificate of appealability

A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In his objections, Petitioner clarifies that he is seeking a certificate of appealability on not only his stand-alone claim of actual innocence, but also his claim of ineffective assistance of counsel claim. However, the Court finds that Petitioner is not entitled to a certificate of appealability on his stand-alone claim of actual innocence. *Accord Haynie v. Buchanan*, 2019 WL 5790995, at *2 (6th Cir. Sept. 24, 2019) ("[T]o the extent that Haynie also claims that he is actually innocent, reasonable jurists would not debate the district court's conclusion that this claim is not cognizable in federal habeas proceedings").

As to a certificate of appealability regarding Petitioner's claim of ineffective assistance of counsel, the Court concludes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling. The Court notes that in granting Petitioner's motion to file a second or successive habeas petition, the majority found that Petitioner "has made a prima facie showing that, if taken in light of the evidence as a whole, this newly discovered evidence would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense." (Doc. 43, PAGEID# 1941). In addition, in denying Petitioner's motion for leave to file a delayed motion for post-conviction relief under Ohio Revised Code § 2953.23, the Court of Common Pleas explained:

> The court does not reach its conclusion in this case lightly or without some concern, While trial counsel made an argument to the jury that the perpetrator in the video used at trial appeared to be shorter than the defendant, expert analysis and testimony on this issue would undoubtedly have been given greater weight with a jury than a mere unsubstantiated argument by defense counsel The findings of the photogrammetry expert might have gone a long way toward confirming the argument made by the defendant since the inception of this case, namely that the defendant is too tall to be the perpetrator seen on the surveillance video from the Cash Express, Furthermore, on its face, it seems unreasonable to expect that a lay person such as the defendant should have been expect to realize the importance of having an expert on such a fundamental issue as the height discrepancy when his own counsel apparently failed to appreciate its importance.

(Doc. 5-49, PAGEID# 1265).

However, in his dissenting opinion in the Sixth Circuit's ruling on Petitioner's motion to file a second or successive habeas petition, Judge McKeague noted that:

> The fact that Thornton's DNA was not found on the zip ties does not necessitate his acquittal. A reasonable factfinder might conclude, for example, that the DNA came from another person who touched the ties. Further, the fact that a single expert's photogrammetric analysis suggest the true suspect was three inches shorter faces no better. A reasonable factfinder might reasonably reject his opinion if faced with competing eyewitness testimony.

16

(Doc. 43, PAGEID# 1943).

While these statements are made in light of different applicable standards, the Court finds that these statements show that jurists of reason would find it debatable whether the petition states a valid claim of ineffective assistance of counsel; and that jurists of reason would find it debatable whether the district court was correct in its ruling denying Petitioner's gateway claim of innocence under *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Therefore, the Court grants a certificate of appealability as to whether Petitioner's actual innocence claim excuses his failure to timely file the petition. If Petitioner chooses to appeal the Court's decision, he may proceed in forma pauperis on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

## II. **CONCLUSION**

Based on the foregoing, Petitioner's objections are **OVERRULED**; and the Court hereby **ADOPTS** the Magistrate Judge's May 23, 2019 Report & Recommendation (Doc. 68) and the Magistrate Judge's July 5, 2019 Supplemental Report & Recommendation (Doc. 76).

Accordingly, it is hereby **ORDERED** that the Petition be **DISMISSED WITH PREJUDICE;** and Petitioner's Motion for Evidentiary Hearing is **DENIED**. However, the Court **GRANTS** a certificate of appealability as to whether Petitioner's actual innocence claim excuses his failure to timely file the petition; and Petitioner may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                    JUDGE MICHAEL R. BARRETT